UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HDW2000 256 EAST 49TH STREET LLC, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. H-10-70 |
| CITY OF HOUSTON, | § § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendant The City of Houston's ("Houston") Motion to Dismiss (Doc. 2), as well as Plaintiffs HDW2000 256 East 49th Street LLC ("HDW") and Westbury, Inc.'s ("Westbury") response (Doc. 7) and Houston's reply (Doc. 9).  Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Houston's motion to dismiss should be denied.

I.  Background and Relevant Facts

HDW is a limited liability corporation based in New York that conducts business in Harris County, Texas.  (Doc. 1-1 at 2.)  Westbury is a Texas corporation whose principal place of business is in Houston, Texas.  (*Id.* at 1–2.)  Plaintiffs own several commercial properties at Westbury Square, located near the intersection of Chimney Rock Road and West Belfort Road in Houston.  (*Id.* at 2.)

On May 29, 2008, Houston's Building and Standards Commission (the "Commission") issued a notice requesting HDW's and Westbury's presence at a hearing to present evidence in

response to alleged deficiencies and poor conditions at three of their buildings located at Westbury Square.  (*Id.*)  The notice alleged deficiencies and building code violations at buildings numbered one, five and eleven.  (*Id.* at 10–20.)  At the hearing on June 18, 2008, counsel for Houston, HDW, and Westbury appeared and presented evidence.  (*Id.* at 2.)

On June 23, 2008, the Commission issued its decision and order.  (*Id.* at 3; Doc. 1-2.) The Commission concluded that the properties in question were "dangerous, substandard and in violation of the terms of Section 10-361 and 10-343 of the City of Houston Code of Ordinances" and ordered Plaintiffs "to obtain City Building repair permits within ten days from the date of the Order, [and] to repair the deficiencies which make the structures dangerous within thirty days of the date of the Order."  (Doc. 1-1 at 3; Doc. 1-2 at 3.)  The Commission warned that in the event Plaintiffs failed to comply, "the City of Houston shall be authorized to remedy, alleviate or remove any substandard or dangerous building and that liens may be placed on the properties should the City take any such measures."  (*Id.* at 3–4, Exh. B.)

Plaintiffs urge that:

> The Orders further fail to consider the exigent circumstances relating to these buildings due to damages caused by Hurricane Rita.  Insurance claims are still pending and the owners have not had the resources to make major repairs due to the delays in resolving these insurance claims.  Where the buildings were damaged to the extent that they could not be occupied, the buildings were vacated and adequately secured.  They present no danger to the occupants of the buildings or others.  Additionally, the vacant units in all occupied buildings and unoccupied buildings have been secured by deadbolts on the doors, or other methods which made them secure from unauthorized entry, broken window glass replaced or otherwise secured and exterior penetrations of the buildings have been sealed and secured.  All of these steps protect the residents in those buildings from unauthorized entry and the buildings are not dangerous to the residents who occupy them.
> The Orders further fail to consider the owner's progress and on going plans to restore the premises to acceptable standard.

(*Id.* at 5.)

On July 18, 2008, HDW and Westbury filed a petition for judicial review in the 113th Judicial District Court of Harris County, Texas, requesting review of the Commission's order pursuant to Texas Gov't Code § 54.039.  (*Id*. at 7.)  In their amended petition, Plaintiffs alleged that the findings of the Commission lacked factual and legal support, and that the hearing had violated their substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and the Texas Constitution.  (Doc. 1-11 at 7.)  On January 7, 2010 Houston removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1441. (Doc. 1.)  Houston now moves to dismiss the complaint.  (Doc. 2 at 2.)

## II.  Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

## III.  Discussion

The Fourteenth Amendment of the United States Constitution provides that a state shall

not "deprive any person of life, liberty, or property without due process of law."  U.S. Const. Amend. XIV § 1.  Section 1983 further "prohibits persons acting under color of any statute, ordinance, regulation custom, or usage" from depriving another of any "rights, privileges, and immunities secured by the Constitution and Laws . . . ."  42 U.S.C. § 1983.  "Due process of law, as used in the fourteenth amendment, and due course of the law of the land, as used in article 1, § 19, of the Constitution of Texas, . . . are, in nearly if not all respects, practically synonymous." *Mabee v. McDonald*, 175 S.W. 676, 680 (Tex. 1915) (internal quotations omitted).

In reviewing an administrative agency's proceedings, a court must adhere to the substantial evidence rule, which grants significant deference to the agency's expertise.  *R.R. Com'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995); Tex. Gov't. Code § 2001.174.  The question is not "whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency."  *City of El Paso v. Pub Util. Com'n of Tex.,* 883 S.W.2d 179, 185 (Tex. 1994).  If the evidence provides a reasonable basis for an agency to conclude as it did, then the action of the agency must be affirmed upon judicial review.  *Id.* at 186.  Moreover, a party attacking an administrative agency's order has the burden of showing that the order is "not supported by substantial evidence[.]"  *Lewis v. Southmore Sav. Ass'n*, 480 S.W.2d 180, 183 (Tex.1972).

"In addition to substantial evidence to support the action of an administrative agency, the proceedings of the agency must meet the requirements of due process of law and the rudiments of fair play, in order to be upheld."  *Grace v. Structural Pest Control Bd. of Tex.*, 620 S.W.2d 157, 160 (Tex. Civ. App.—Waco, 1981).  Texas law provides that an administrative hearing must be a full and fair hearing on disputed issues and that the parties must be given fair notice and a meaningful opportunity to present their evidence.  *City of Corpus Christi v. Public Util.*

*Com'n of Tex.*, 51 S.W.3d 231, 262 (Tex. 2001) (stating that "[t]his Court has held that in administrative proceedings, due process requires that parties be accorded a full and fair hearing on disputed fact issues.  This requirement includes the right to cross-examine adverse witnesses and to present and rebut evidence.  But due process does not require that administrative proceedings have the full procedural framework of a civil trial.  Due process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed." (internal quotations omitted)).  "[T]he hearing must not be arbitrary, and must not be inherently unfair."  *Grace*, 620 S.W.2d at 160 (citing *Lewis v. Metropolitan S. & L. Ass'n, Tex.*, 550 S.W.2d 11 (Tex. 1977)).

Defendant Houston asserts that it has not waived governmental immunity for administrative proceedings pursuant to Texas Local Government Code § 54.039.  Rather, Houston argues that Plaintiffs are entitled to an appeal from the administrative hearing but are not entitled to bring any other actions under state law and that, accordingly, Plaintiffs' state law claim for violation of due process must be dismissed.  (Doc.2 at 5.)  Plaintiffs respond that Texas courts have recognized that constitutional due process applies to appeals from administrative hearing orders.  *Texas State Dept. of Human Resources v. Silver Threads Co.*, 569 S.W.2d 49, 51 (Civ. App.—Austin 1978, ref. n.r.e.).  The Court agrees.  Houston is not immune from suit for judicial review of an administrative agency's order.

Houston next asserts that Plaintiff lack a personal cause of action for violation of due process under the Texas Constitution and cites *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995) for support.  (Doc. 2 at 5.)  "In *City of Beaumont v. Bouillion*, the Texas Supreme Court held that there is no right of action for damages arising under the free-speech provision of the Texas Constitution."  *Texas A & M University Sys. v. Luxemburg*, 93 S.W.3d

410, 425 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).  However, Plaintiffs correctly point

out that they are suing for judicial review of an administrative agency's order rather than for

damages.

Finally, Houston asserts that Plaintiffs' federal due process claim is not ripe and therefore

this Court lacks subject matter jurisdiction.  (Doc. 2 at 6.)  The City further states:

> [Plaintiffs] have asserted a due process claim violation, claiming they are
> entitled to have the Building & Standard Commission Order be reversed,
> modified, referred back to the Building & Standards Commission and
> costs.  The case was to be tried at the end of November 2009, but because
> it was determined part of the record was missing, the parties agreed to a
> continuance to supplement the record for the state district trial court.
> Since the state district trial court has not yet made a judicial ruling
> regarding the administrative hearing proceeding pursuant to either
> Section 54.039 of the Texas Local Government Code, [Plaintiffs'] claim
> for violation of due process pursuant to the 14th Amendment of the U.S.
> Constitution remain[s] unripe.

(*Id.* at 6–7.)  While it is true that the state court has not yet ruled on the merits of Plaintiffs'

claims, this is because the City of Houston removed the case to this Court on January 7, 2010.

(Doc. 1.)  The Court therefore finds Plaintiffs' federal due process claim to be ripe.


IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendant City of Houston's Motion to

Dismiss (Doc. 2) is DENIED.

SIGNED at Houston, Texas, this 9th day of September, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE