UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HDW2000 256 EAST 49TH STREET LLC, *et* §
*al*, §
§
      Plaintiffs, §
VS. § CIVIL ACTION NO. H-10-70
§
CITY OF HOUSTON, §
§
      Defendant. §

## OPINION AND ORDER

Pending before the Court is Defendant The City of Houston's ("Houston") Motion for Partial Summary Judgment on Plaintiffs' Due Process Claims (Doc. 32), as well as Plaintiffs HDW2000 256 East 49th Street LLC ("HDW") and Westbury, Inc.'s ("Westbury") response (Doc. 38).  Upon review and consideration of this motion, the response thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Houston's motion for partial summary judgment should be granted and the case remanded to state court.

I.  Background and Relevant Facts

This case involves a petition for judicial review of an order of Houston's Building and Standards Commission regarding several commercial buildings in Houston.  Plaintiffs HDW and Westbury own several commercial properties at Westbury Square, located near the intersection of Chimney Rock Road and West Belfort Road in Houston.  (Doc. 1-11 at 2.)

On May 29, 2008, Houston's Building and Standards Commission (the "Commission") issued a notice requesting HDW's and Westbury's presence at a hearing to present evidence in response to alleged deficiencies and poor conditions at three of their buildings located at Westbury Square.  (*Id.*)  The notice alleged deficiencies and building code violations at buildings

numbered one, five and eleven.  (*Id.* at 10–20.)  At the hearing on June 18, 2008, counsel for

Houston, HDW, and Westbury appeared and presented evidence.  (*Id.* at 2.)

On June 23, 2008, the Commission issued its decision and order.  (*Id.* at 3; Doc. 1-2.)

The Commission concluded that the properties in question were "dangerous, substandard and in

violation of the terms of Section 10-361 and 10-343 of the City of Houston Code of Ordinances"

and ordered Plaintiffs "to obtain City Building repair permits within ten days from the date of the

Order, [and] to repair the deficiencies which make the structures dangerous within thirty days of

the date of the Order."  (Doc. 1-11 at 3; Doc. 1-2 at 3.)  The Commission warned that in the

event Plaintiffs failed to comply, "the City of Houston shall be authorized to remedy, alleviate or

remove any substandard or dangerous building and that liens may be placed on the properties

should the City take any such measures."  (*Id.* at 3–4, Exh. B.)

> Plaintiffs urge that:
>
> > The Orders further fail to consider the exigent circumstances relating to these buildings due to damages caused by Hurricane Rita.  Insurance claims are still pending and the owners have not had the resources to make major repairs due to the delays in resolving these insurance claims.  Where the buildings were damaged to the extent that they could not be occupied, the buildings were vacated and adequately secured.  They present no danger to the occupants of the buildings or others.  Additionally, the vacant units in all occupied buildings and unoccupied buildings have been secured by deadbolts on the doors, or other methods which made them secure from unauthorized entry, broken window glass replaced or otherwise secured and exterior penetrations of the buildings have been sealed and secured.  All of these steps protect the residents in those buildings from unauthorized entry and the buildings are not dangerous to the residents who occupy them.
> > The Orders further fail to consider the owner's progress and on going plans to restore the premises to acceptable standard.

(*Id.* at 5.)

On July 18, 2008, HDW and Westbury filed a petition for judicial review in the 113th

Judicial District Court of Harris County, Texas, requesting review of the Commission's order

pursuant to Texas Gov't Code § 54.039.  (*Id*. at 7.)  Plaintiffs' petition for judicial review under Chapter 54 and 214 of the Texas Gov't Code stayed enforcement of the order pursuant to Chapter 10 §§ 10-372 and 10-394 of Houston's Code.  In their amended petition, Plaintiffs alleged that the findings of the Commission lacked factual and legal support, and that the hearing had violated their substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and the Texas Constitution.  (Doc. 1-11 at 7.)

On January 7, 2010, Houston removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1343, and 1441.  (Doc. 1.)  Houston now moves for partial summary judgment on Plaintiffs' procedural and substantive due process claims.  (Doc. 32 at 1–2.)

II.  Standard of Review

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact."  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must

establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex.*

*Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## III. Discussion

The Fourteenth Amendment of the United States Constitution provides that a state shall not "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV § 1. Section 1983 further "prohibits persons acting under color of any statute, ordinance, regulation custom, or usage" from depriving another of any "rights, privileges, and immunities secured by the Constitution and Laws . . . ." 42 U.S.C. § 1983. The Texas

Constitution provides that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." Tex. Const. Art. I § 19. "Due process of law, as used in the fourteenth amendment, and due course of the law of the land, as used in article 1, § 19, of the Constitution of Texas, . . . are, in nearly if not all respects, practically synonymous." *Mabee v. McDonald*, 175 S.W. 676, 680 (Tex. 1915) (internal quotations omitted).

In reviewing an administrative agency's proceedings, a court must adhere to the substantial evidence rule, which grants significant deference to the agency's expertise. *R.R. Com'n of Tex. v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex. 1995); Tex. Gov't. Code § 2001.174. The question is not "whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency." *City of El Paso v. Pub Util. Com'n of Tex.,* 883 S.W.2d 179, 185 (Tex. 1994). If the evidence provides a reasonable basis for an agency to conclude as it did, then the action of the agency must be affirmed upon judicial review. *Id.* at 186. Moreover, a party attacking an administrative agency's order has the burden of showing that the order is "not supported by substantial evidence[.]" *Lewis v. Southmore Sav. Ass'n*, 480 S.W.2d 180, 183 (Tex. 1972).

"In addition to substantial evidence to support the action of an administrative agency, the proceedings of the agency must meet the requirements of due process of law and the rudiments of fair play, in order to be upheld." *Grace v. Structural Pest Control Bd. of Tex.*, 620 S.W.2d 157, 160 (Tex. Civ. App.—Waco, 1981). Texas law provides that an administrative hearing must be a full and fair hearing on disputed issues and that the parties must be given fair notice and a meaningful opportunity to present their evidence. *City of Corpus Christi v. Public Util. Com'n of Tex.*, 51 S.W.3d 231, 262 (Tex. 2001) (stating that "[t]his Court has held that in

administrative proceedings, due process requires that parties be accorded a full and fair hearing on disputed fact issues.  This requirement includes the right to cross-examine adverse witnesses and to present and rebut evidence.  But due process does not require that administrative proceedings have the full procedural framework of a civil trial.  Due process is not so rigid as to require that the significant interests in informality, flexibility, and economy must always be sacrificed." (internal quotations omitted)).  "[T]he hearing must not be arbitrary, and must not be inherently unfair."  *Grace*, 620 S.W.2d at 160 (citing *Lewis v. Metropolitan S. & L. Ass'n, Tex.*, 550 S.W.2d 11 (Tex. 1977)).

Defendant Houston asserts that Plaintiffs have failed to allege a constitutionally protectable property right sufficient to support a substantive due process claim.  (Doc.32 at 6.) "In order to show a substantive due process deprivation of property, the contending party must prove 1) he had a constitutionally protectable interest in the property, and 2) the government deprived him of that interest capriciously and arbitrarily."  *City of Lubbock v. Corbin*, 942 S.W.2d 14, 21 (Tex. App.—Amarillo 1996, writ denied) (citing *Spence v. Zimmerman*, 873 F.2d 256, 258 (11th Cir.1989)).  The court in *Corbin* held that "withdrawal of financing does not equate to a deprivation of a property right."  *Id.*  In a Texas state court case involving a similar repair and demolition order from Houston's Building and Standards Commission under § 10-361 as the one at issue in this case, the court found no violation of due process where, in order to get permits to perform the repairs ordered by the Commission, city inspectors required additional repairs that were not reflected in the order.  *Lee v. City of Houston*, 2006 WL 2254401, *5 (Tex. App.—Houston [14th Dist.] Aug. 8, 2006, pet. denied) (mem. op.) (not designated for publication).  Both cases are easily distinguishable from the instant matter, where the issue is simply whether a City's demolition order for a commercial building raises a constitutionally

protectable property right sufficient to support a substantive due process claim.  The Court finds that it does.

Next, Houston contends that because the orders of the Commission are stayed pending judicial review, and the pre-deprivation remedy of judicial review is constitutionally adequate, there is no violation of federal procedural due process under the Fourteenth Amendment. (Doc. 32 at 9.)  Plaintiffs respond that they are required to advance their due process claims at the trial level, along with their other claims for relief, or their due process claims will be waived. (Doc. 38 at 9.)  Plaintiffs are correct.  *See, In re L.M.I. and J.A.I.*, 119 S.W.3d 707, 710-11 (Tex.2003); *Ratsavong v. Menevilay*, 176 S.W.3d 661, 671 (Tex. App.—El Paso 2005, pet. denied) (due process arguments waived when they were not brought to the trial court's attention); *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 404–05 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *McDonald II v. State*, 693 S.W.2d 660, 661 (Tex. App.—Dallas 1985, no writ).

Finally, Houston argues that Plaintiffs' substantive and procedural due process claims fail on the merits.  The Court agrees.  "[P]rocedural due process for administrative proceedings requires no more than 'notice, a proper hearing, and an impartial trier of fact.'"  *Lee v. City of Houston*, 2006 WL 2254401 at \*5, quoting *Nash v. City of Lubbock*, 888 S.W.2d 557, 561, 562 (Tex. App.—Amarillo 1994, no writ) (holding procedural due process satisfied in property demolition case because "the basics of due process were complied with when [plaintiffs] were given notices of all hearings, afforded the opportunity to be present and heard, and the order was issued by an impartial commission"); *Chocolate Bayou Water Co. & Sand Supply v. Tex. Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 850 (Tex. App.—Austin 2003, pet. denied) (holding due process satisfied when notice apprises parties of pendency of an action and provides

the opportunity to present objections).  Despite their arguments to the contrary, Plaintiffs received notice, and the hearing before the Commission allowed for evidence to be introduced and witnesses to be presented and cross-examined.  (Docs. 32-1 and 32-2.)  It may not have been perfect, but the law does not require perfection.

The federal claims in this case having been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim for judicial review of the Commission's order.  *See, generally, Parker & Parsley Petroleum v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).  This case was pending in state court for eighteen months prior to removal, now involves questions solely of Texas state law, and the rulings of this Court have not addressed the underlying issue of whether there is substantial evidence supporting the Commission's order.

IV.  Conclusion

Accordingly, the Court hereby ORDERS that Defendant City of Houston's Motion for Partial Summary Judgment on Plaintiffs' Due Process Claims (Doc. 32) is GRANTED.

The Court further ORDERS that Plaintiffs' due process claims are DISMISSED and the case is REMANDED to the 113th Judicial District Court of Harris County, Texas, where it was given cause no. 2008-46371.

SIGNED at Houston, Texas, this 22nd day of February, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE